# L. J. MUELLER FURNACE COMPANY v. MARY BUCKHART.[1]

April 19, 1918.

No 20,790.

**Enforcement of mechanic's lien — amendment of complaint.**

Action to enforce a mechanic's lien for material furnished for hot water plant in defendant's dwelling house. Motion granted for judgment on the pleadings, on the ground that the complaint failed to state facts sufficient to constitute a cause of action. Motion for leave to amend denied and plaintiff appealed from an order denying a new trial. *Held*: While the lien statement was not in the best form, and it does not appear from the pleadings what was the reasonable value of the material, justice required that plaintiff should have been allowed to amend its complaint, and the court erred. Permission to amend was granted by the supreme court. [Reporter.]

Action in the district court for Carver county to recover $171.51 and to enforce a lien for the same. The case came on for trial before Tifft, J., who sustained defendant's objection to the introduction of any evidence on the part of plaintiff and granted defendant's motion for judgment upon the pleadings. Plaintiff's motion to amend the complaint was denied. From

[1]Reported in 167 N. W. 286.

an order denying his motion for a new trial, plaintiff appealed. Reversed with permission to plaintiff to amend complaint, but without statutory costs.

*Harold A. Welch*, for appellant.

*W. C. & W. F. Odell*, for respondent.

PER CURIAM.

This action was brought to enforce a lien upon real estate for material furnished for the improvement of a dwelling thereon. The plaintiff is a Wisconsin corporation engaged in selling radiators, fittings, boilers and other material for hot water heating plants. F. H. Taplin Heating Company had a contract with the defendant to install a hot water heating plant in her dwelling, situate in the city of Chaska, Carver county, Minnesota. The plaintiff sold and delivered to the Taplin Heating Company material for such hot water plant which was used in said dwelling. Within 90 days after the furnishing of such material, plaintiff caused a lien statement to be filed in the office of the register of deeds of Carver county against said real estate for the sum of $171.51. When the cause of action was called for trial, the defendant objected to the introduction of any testimony on the part of the plaintiff and moved for judgment in her favor upon the pleadings, on the ground that the complaint failed to state facts sufficient to constitute a cause of action. The motion was granted and judgment of dismissal and for costs was ordered in favor of the plaintiff. Thereafter the plaintiff moved for leave to amend its complaint which was denied, and from an order denying its motion for a new trial, plaintiff appealed.

It is the contention of the respondent that the lien statement, a copy of which is attached to the complaint, shows upon its face that it was not made or filed at the instance or on behalf of the plaintiff; that the reasonable value of the material furnished does not appear from the complaint, and that the complaint does not show but that the Taplin Heating Company had paid the plaintiff for the material in question.

It appears from the complaint that the plaintiff is a Wisconsin corporation. The lien statement recites that the L. J. Mueller Furnace Company, of Minneapolis, Hennepin county, Minnesota, claims and holds a lien upon the lands and property therein described for the sum of $171.51, and interest from November 10, 1914. That such amount is due and owing to the claimant for a heating plant sold and delivered to the F. H. Taplin Heating Company on October 12, 1914, to be used in the plaintiff's dwelling. This statement is signed "A. J. La Duke, Manager," and verified by him as manager of the Minneapolis branch of the L. J. Mueller Furnace Company. Technically speaking it does not appear from the pleadings what the reasonable value of the material furnished was, or whether the Taplin Heating Company had paid the plaintiff therefor. Nor is the allegation of the contractual relations between the plaintiff and the Taplin Heating Company

as full as it might be. While the motion to amend was not made at.the time of the hearing, it was brought before the court on the following day. There was no affidavit of merits presented, but we think that justice requires that the plaintiff should have been allowed to amend its complaint and that in this the trial court was in error. While the lien statement is not in the best form, it is sufficient to give notice of the plaintiff's claim of lien, and that it appears that it was made at the instance and on behalf of the plaintiff.

The order appealed from is reversed, with permission to the plaintiff to amend its complaint as herein indicated, but without the statutory costs.